1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10                        ----oo0oo----

11

12   BYRON CHAPMAN,                    No. 2:17-cv-1745 WBS CKD

13              Plaintiff,

14       v.                            MEMORANDUM & ORDER RE:
                                       PLAINTIFF'S MOTION FOR
15   MARK C. JACOBS,                   ATTORNEYS' FEES, COSTS, AND
                                       LITIGATION EXPENSES
16              Defendant.

17

18                        ----oo0oo----

19          Before the court is plaintiff's Motion for Reasonable

20   Attorneys' Fees, Including Costs and Litigation Expenses.

21   (Docket No. 29.)  Plaintiff Byron Chapman is a physically

22   handicapped person who brought this action based on barriers he

23   encountered at defendant Mark Jacob's law office.  Plaintiff

24   alleged violations of the Americans with Disabilities Act

25   ("ADA"), 42 U.S.C. § 12101 et seq., California Health & Safety

26   Code § 19955, and the California Unruh Civil Rights Act,

27   California Civil Code § 51, et seq.  The parties settled the case

28   and defendant agreed that plaintiff, as a prevailing party, is

                                   1

entitled to reasonable attorney's fees and costs, as to be determined by the court. This matter was taken under submission pursuant to Local Rule 230(g).

"The ADA authorizes a court to award attorneys' fees, litigation expenses, and costs to a prevailing party." Lovell v. Chandler, 303 F.3d 1039, 1058 (9th Cir. 2002); see 42 U.S.C. § 12205. The court also may award attorney's fees to the prevailing party in a suit brought under the Unruh Act. See Cal. Civ. Code §§ 52(a) & 55.55.

The court calculates the reasonable amount of attorney's fees by following a two-step process. First, the court determines the lodestar calculation -- "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). Second, the court may adjust the lodestar figure "pursuant to a variety of factors." Gonzalez v. City of Maywood, 729 F.3d 1196, 1209 (9th Cir. 2013) (citation and internal punctuation omitted). There is a strong presumption that the lodestar amount is reasonable. Fischer v. SJB-P.D. Inc., 214 F.3d 1115, 1119 n.4 (9th Cir. 2000). In determining the size of an appropriate fee award, the court need not "achieve auditing perfection." Fox v. Vice, 563 U.S. 826, 838 (2011). The court may use estimates and "take into account [its] overall sense of a suit" to determine a reasonable attorney's fee. Id.

I.   Lodestar Computation

     A.   Reasonable Number of Hours

"The prevailing party has the burden of submitting billing records to establish that the number of hours it has

2

requested are reasonable." Gonzalez, 729 F.3d at 1202.  The
court may reduce the hours "where documentation of the hours is
inadequate; if the case was overstaffed and hours are duplicated;
[or] if the hours expended are deemed excessive or otherwise
unnecessary." Chalmers v. City of Los Angeles, 796 F.2d 1205,
1210 (9th Cir. 1986).

Plaintiff submitted a billing summary itemizing time
spent by attorneys Thomas Frankovich and Amanda Lockhart.  (Decl.
of Thomas Frankovich ("Frankovich Decl."), Ex. F (Docket No. 30-
4).)  Plaintiff requests a total of $62,050 in attorney's fees
for 87 hours of work.  (Id.)  The billing summary shows that
Frankovich billed 79 hours and Lockhart billed 8 hours, though
defendant maintains that numerous time entries are excessive,
redundant, unnecessary, or otherwise more appropriately performed
by non-billing staff.

Frankovich's time sheet proves to be of little help to
the court.  He does not indicate whether the time for the
individual entries is listed in hours or minutes.  If the time
indicated is in hours, the individual entries add up to a total
number of hours far greater than the 79 hours he claims.  Indeed,
it appears to the court that many of these time entries are
missing decimal points or otherwise overestimated.  However, the
court cannot discern which entries are listed incorrectly and in
which ways.  Due to these deficiencies with Frankovich's time
sheet, the court in its discretion takes a holistic approach in
examining his claimed entries.  See Fox, 563 U.S. at 838-39.

Taking this approach, the court reduces Frankovich's
total time spent on this case, including the fee application, to

39 hours, which is far more consistent with the expectation he set at the settlement conference.[1] (See Decl. of Elizabeth Stallard ¶ 10 (Docket No. 35-1).) Moreover, looking at the individual entries, it appears that Frankovich overbilled for his work in this case. He has billed for clerical tasks, such as phone calls and emails to the court, for which he cannot recover, at least not a normal attorney's billing rate. See Missouri v. Jenkins by Agyei, 491 U.S. 274, 288 & n.10(1989); Yates v. Vishal Corp., No. 11-CV-00643-JCS, 2014 WL 572528, at *6 (N.D. Cal. Feb. 4, 2014) (disallowing fees billed for purely clerical or secretarial tasks). He has also overbilled for filings, like plaintiff's complaint, remedial letters, and the pretrial statement, that appear to be boilerplate and resemble what he has produced in similar cases. See Johnson v. Xinliang Bai, No. 2:16-cv-1698 WBS GGH, 2017 WL 3334006, at *2 (E.D. Cal. Aug. 4, 2017) (reducing time entries under similar circumstances). Further, he has billed a number of hours related to his consultation with Scottlynn Hubbard, a purported expert on attorney's fees. As will be explained below, the court will not allow plaintiff to recover for any time related to Hubbard's work

---

[1]    On April 25, 2019, this court issued an order requiring plaintiff's attorneys to bring to the settlement conference, among other things, "all time sheets showing hours worked." (Docket No. 27 (emphasis added).) Now, after the case has settled, Frankovich claims that he has discovered additional entries that were "tucked away" and not presented at the settlement conference. (See Frankovich Decl. ¶ 68.) To avoid prejudice to defendant, the court will honor the expectation plaintiff's counsel set at the settlement conference. See Goodyear Tire & Rubber Co. v. Haeger, 137 S. Ct. 1178, 1186 (2017) (federal courts have the inherent authority to manage their own affairs and regulate conduct which abuses the judicial process) (citations and quotations omitted).

1 | in this case.

2 | By contrast, the individual time entries presented for

3 | Lockhart are much easier to discern and add up to the eight hours

4 | she claims.  While defendant maintains that Lockhart spent some

5 | of her time on purely secretarial tasks, the court finds the

6 | claimed time to be reasonably expended on the case.  For

7 | instance, any time Lockhart spent on emails appears to relate to

8 | the merits of plaintiff's case.

9 | Having made the above reductions, the court finds that

10 | plaintiffs' attorneys reasonably expended a total of 47 hours.

11 | B.    Reasonable Hourly Rate

12 | The reasonable hourly rate is determined according to

13 | "the prevailing market rates in the relevant community," Blum v.

14 | Stenson, 465 U.S. 866, 895 (1984), "for similar work performed by

15 | attorneys of comparable skill, experience, and reputation,"

16 | Chalmers, 796 F.2d at 1210-11.  The relevant legal community "is

17 | the forum in which the district court sits,"  Prison Legal News

18 | v. Schwarzenegger, 608 F.3d 446, 454 (9th Cir. 2010), which here

19 | is the Sacramento Division of the Eastern District of California.

20 | The prevailing party has the burden of producing

21 | sufficient evidence that its "requested rates are in line with

22 | those prevailing in the community for similar services by lawyers

23 | of reasonably comparable skill, experience and reputation."

24 | Blum, 465 U.S. at 895 n.11.  "The hourly rate for successful

25 | civil rights attorneys is to be calculated by considering certain

26 | factors, including the novelty and difficulty of the issues, the

27 | skill required to try the case, whether or not the fee is

28 | contingent, the experience held by counsel and fee awards in

similar cases." Moreno v. City of Sacramento, 534 F.3d 1106, 1114 (9th Cir. 2008). "While disability access cases are a subset of civil rights practice, the reasonable hourly rate merited in routine disability access cases typically falls below the hourly rate charged in more complicated civil rights cases." Johnson v. Patel, No. 2:14-cv-2078 WBS AC, 2016 WL 727111, at *3 (E.D. Cal. Feb. 23, 2016).

Here, plaintiff seeks an hourly rate of $750 for Frankovich and $350 for Lockhart. Frankovich has been an attorney for over 42 years and claims to have prosecuted over 2,000 disability access cases throughout California. (See Frankovich Decl. ¶¶ 4 & 11-12.) Lockhart has been an attorney for about six years, working on almost exclusively disability access cases. (See id. ¶¶ 31-33.) The court finds, and plaintiff does not dispute, that this case involved a straightforward application of the law and did not present novel or difficult issues requiring a high level of skill or specialization.

The undersigned has not had the opportunity to determine Frankovich's hourly rate in previous disability access cases. For attorneys with around twenty years of experience, this court has found that an hourly rate of $300 is appropriate in disability access cases. See Johnson v. Hey Now Props., LLC, No. 2:16-cv-02931 WBS KJN, 2019 WL 586753, at *3 (E.D. Cal. Feb. 13, 2019). Because Frankovich has significantly more experience and defendant concedes that an hourly rate of $350 is

appropriate, the court will award an hourly rate of $350.[2]  (See

Def.'s Opp'n at 13-14 (arguing that an award of $350 an hour for

Frankovich is both reasonable and appropriate) (Docket No. 35).)

The court declines to award Frankovich a higher hourly rate.

This ADA case was not complicated, and as other courts have

observed, Frankovich has reduced these cases to "a kind of

routine."  See, e.g., Yates, 2014 WL 572528, at *6; see also

Loskot v. Annie's Panda Garden, No. 2:13-cv-00213 JAM, 2015 WL

2235521, at *2 (E.D. Cal. May 12, 2015) (calculating $300 per

hour lodestar rate for Frankovich and declining to award a rate

of $400 per hour, which is normally reserved for complicated

civil rights cases litigated by attorneys with at least 30 years

of experience).

        This court has examined the experience of Lockhart in

previous access cases and found that an hourly rate of $150-$175

is appropriate for her work.  See Johnson v. Powers, No. 2:15-cv-

00245 WBS AC(PS), 2019 WL 2386063, at *1 (E.D. Cal. June 6, 2019)

(collecting cases); Hey Now, 2019 WL 586753, at *3.  Plaintiff

does not cite any new cases finding that Lockhart's reasonable

hourly rate in Sacramento for a routine disability access case

exceeds these rates.  The court also notes that while it approved

a rate of $175 for Lockhart in Powers, 2019 WL 2386063, at *1,

---

        [2]    To the best of this court's knowledge, Magistrate Judge
Craig Kellison in 2017 was the last Eastern District judge to
assess Frankovich's hourly rate, and he found that an hourly rate
of $300 was reasonable.  See Pickern v. Nord Mkt., No. 2:17-CV-
1130-JAM-CMK, 2017 WL 6622749, at *6 (E.D. Cal. Dec. 28, 2017)
(granting default judgment and awarding attorney's fees and
costs).  The undersigned in this case appears to be the first
judge to award Frankovich this high of an hourly rate in
Sacramento.

that rate was justified because "plaintiff's counsel went above and beyond what is typically done in a disability access case." Given no such circumstances in this case, the court determines that a $150 per hour lodestar figure for Lockhart is appropriate in this case.

Unsatisfied with the Eastern District's practice of determining reasonable hourly rates, plaintiff offers some evidence in support of his counsel's requested rates. Plaintiff does not, however, cite to any new cases from the Eastern District justifying a higher rate than those set above by this court.

Instead, plaintiff's counsel first relies on Scottlynn Hubbard's report and declarations. Hubbard's declarations and regression analysis are not helpful in determining the reasonable rates for counsel. Indeed, Hubbard concedes that the Eastern District has capped the hourly rate awarded to attorneys in disability access lawsuits. (Decl. of Scottlynn Hubbard ¶ 20 (Docket No. 38).)[3] He does not cite any case in the Eastern District where Frankovich or Lockhart, or any other attorney, have received a higher hourly rate in disability access cases than what the court determined above. The same concerns apply to the declaration of Michael Welch. He too fails to identify any attorney's fee award in Sacramento in any disability access case that adopted plaintiff's proposed rates.[4] The court's rate

---

[3] Because the court does not rely on the exhibits attached to Scottlynn Hubbard's declaration, the request to seal those exhibits is DENIED AS MOOT.

[4] While Welch claims that he charges an hourly rate of $750 as a defense attorney in disability access cases (see Decl.

8

accounts for the experience of these attorneys and the complexity
of disability access cases -- all of which are factors this court
must consider.  See Chalmers, 796 F.2d at 1210-11.

The court also declines to use the Laffey Matrix to
determine the reasonable hourly rates.  As this court has stated
previously, "[t]he Laffey Matrix is not an accurate tool to
assess market rates in this district and it fails to account for
differences in hourly rates depending on the area of practice."
Hey Now, 2019 WL 586753, at *3 (citation omitted).

Accordingly, because the reasonable hourly rates for
Frankovich and Lockhart are $350 and $150 respectively, the
lodestar in this case is $14,850, calculated as follows:

| | | | |
|---|---|---|---|
| Frankovich: | 39  x  $350 | = | $13,650 |
| Lockhart | 8  x  $150 | = | $ 1,200 |
| | | | $14,850 |

## C.    Adjustment to the Lodestar

Once the court has computed the lodestar, there is a
"'strong presumption' that the lodestar is the reasonable fee."
Crawford v. Astrue, 586 F.3d 1142, 1149 (9th Cir. 2009) (quoting
City of Burlington v. Dague, 505 U.S. 557, 562 (1992)).  The
Ninth Circuit has emphasized, however, that the district court
must consider "whether it is necessary to adjust the
presumptively reasonable lodestar figure on the basis of the Kerr
factors that are not already subsumed in the initial lodestar

---

of Michael Welch ¶ 7 (Docket No. 31)) he does not say that
plaintiff's attorney in any case he has handled has been awarded
fees at such a rate, and as Welch acknowledges, this rate is well
in excess of rates previously approved for disability cases in
the Eastern District of California.

calculation." <u>Morales v. City of San Rafael</u>, 96 F.3d 359, 363-64

(9th Cir. 1996) (citing, inter alia, <u>Kerr v. Screen Guild Extras,</u>

<u>Inc.</u>, 526 F.2d 67, 70 (9th Cir. 1975)). "[T]he <u>Kerr</u> factors only

warrant a departure from the lodestar figure in 'rare and

exceptional cases.'" <u>In re Bluetooth Headset Prod. Liab. Litig.</u>,

654 F.3d 935, 942 n.7 (9th Cir. 2011) (quoting <u>Fischer</u>, 214 F.3d

at 1119 n.4). Plaintiff does not seek an enhancement under the

<u>Kerr</u> factors (<u>see</u> Pl.'s Mem. at 18 (Docket No. 29-1)), while

defendant argues that the <u>Kerr</u> factors warrant a downward

departure.

In support of his argument for a downward departure,

defendant relies on the following <u>Kerr</u> factors: (1) time and

labor required; (2) the preclusion from other employment; (3) the

undesirability of this case; and (4) the specific circumstances

of this case. None of these factors warrant a downward departure

from the lodestar. First, the court already significantly

reduced Frankovich's claimed hours to appropriately account for

the time actually required to resolve this matter. Second,

neither side introduces evidence indicating whether Frankovich

was precluded from other employment, so the court cannot reach a

conclusion under this factor either way. Third, the court

acknowledges that the straightforward nature of these cases can

make them lucrative. <u>See</u> <u>Doran v. Corte Madera Inn Best W.</u>, 360

F. Supp. 2d 1057, 1063 (N.D. Cal. 2005) (reaching the same

conclusion). However, the court already considered the

simplicity of this case when calculating appropriate hourly

rates. Fourth, as explained above, the court has considered the

circumstances of this case by significantly reducing Frankovich's

allowed time to conform with representations he made at the settlement conference. Therefore, all the relevant factors taken together do not favor a departure.

Accordingly, plaintiff will be awarded $14,850 in attorney's fees.

II. Costs and Litigation Expenses

The ADA permits the court to allow "the prevailing party . . . a reasonable attorney's fees, including litigation expenses, and costs." See 42 U.S.C. § 12205. Plaintiff seeks $11,498.00 in costs and litigation expenses. These costs include $98.00 in copying fees, $400.00 in filing fees, and $11,000.00 for the report and declaration of Scottlynn Hubbard. (Pl.'s Ex. G (Docket No. 30-5).) Defendant objects only to the costs related to Hubbard.

The request of $11,000 in fees for the preparation of Hubbard's so-called regression analysis is ludicrous. Hubbard is simply another plaintiffs' attorney, with less experience than Frankovich, who handles disability cases. There is no showing that has the qualifications to express any opinion as an expert witness in statistical, financial or business analyses. Yet, plaintiff has the audacity to expect defendant in this case to pay Hubbard $575 per hour for the preparation of his report, almost twice the hourly rate Hubbard has ever recovered from this court for his work as an attorney.

Moreover, the court finds this kind of analysis totally useless in determining attorney's fees in a routine fees motion. Typically, parties submit declarations from local counsel practicing in the relevant area indicating their hourly rate.

See Johnson v. Wayside Prop., Inc., No. 2:13-cv-1610 WBS AC, 2014 WL 6634324, at *8 (E.D. Cal. Nov. 21, 2014). Declarations from Sacramento attorneys who represent plaintiffs in routine disability access cases are far more helpful than Hubbard's declaration and regression analysis. See id. Hubbard's assessment of reasonable hourly rates was not based on the customary award in the relevant practice area in this district.[5]

Indeed, "[r]easonable costs are those that are incurred in efforts that materially advance the action toward resolution." Luna v. Hoa Trung Vo, No. 1:08-cv-1962 AWI SMS, 2011 WL 2078004, at *9 (E.D. Cal. May 25, 2011) (citations and quotations omitted). The parties settled this matter under the assumption that a settlement would save them the costs of proceeding to trial. Attempting to recover $11,000 in fees related to a single report to obtain a far greater sum than the settlement in this case is not within the spirit in which this case was settled and defeats the entire purpose of the settlement.

Plaintiff's counsel obviously obtained this report in an effort to recover his requested hourly fee knowing that it was well in excess of any rate that has ever been approved in this district for this type of case. Given this defendant's limited

---

[5] In Orr v. California Highway Patrol, this court found that an attorney may retain separate counsel to work on the fee motion and recover for that counsel's work on the motion. See Orr v. Cal. Highway Patrol, No. 2:14-cv-585 WBS EFB, 2015 WL 9305021, at *13 (E.D. Cal. Dec. 22, 2015), vacated sub nom. on other grounds, Orr v. Brame, 727 F. App'x 265 (9th Cir. 2018). By contrast here, it appears that Hubbard had no role in drafting the fee motion. Instead, he was retained simply to justify a higher hourly rate for plaintiff's counsel using a methodology that was questionable at best. This is not time spent preparing the fee motion. See Wayside, 2014 WL 6634324, at *9 n.5.

resources, it is disconcerting that plaintiff's counsel would seek to use this case as a vehicle to challenge the rate customarily applied in this district.  For all the foregoing reasons, the court finds that the expenditure of $11,000 in costs for the declaration and report of Hubbard was unnecessary, unreasonable given the amount at issue, and unhelpful in determining the reasonable hourly rate for a disability access attorney in Sacramento.  See Wayside, 2014 WL 6634324, at *9. The court will not require defendant to reimburse plaintiff for this cost.

Because defendant does not object to the remaining $480 in costs, the court will award this amount to plaintiff.

IT IS THEREFORE ORDERED that plaintiff's motion for attorney's fees, costs, and litigation expenses be, and the same hereby is, GRANTED in part.  Defendant is directed to pay $14,850 in fees and $480 in costs.

Dated:  September 6, 2019

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE